{¶ 21} I agree with the well-reasoned opinion of Judge Young in every other respect, but I write separately to dissociate myself from one sentence in that opinion. In the second paragraph beginning on page six of that opinion, the first sentence declares: "Our decision today is in keeping with the well-established policy not to enrich tort victims." I assume that the policy referred to is one of avoiding unjustly enriching tort victims. As long as a tort victim's total recovery, from all sources, does not exceed that victim's damages, I do not regard the tort victim as having been unjustly enriched, merely compensated.
 {¶ 22} Whether underinsured motorist coverage should be: (a) excess to other available insurance coverage; or (b) merely in an amount sufficient to provide the insured an amount of protection not greater than the protection that would be available under the insured's uninsured motorist coverage if the tortfeasor were uninsured at the time of the accident is, I believe, within the sound discretion of the Ohio General Assembly to determine. I had always assumed that the underlying purpose of underinsured motorist coverage was more consonant with the latter proposition, but I regard that as a question of legislative policy. I agree with the opinion of this court that the statute, R.C. 3937.18, actually provides as set forth in (b), above.
 {¶ 23} If the General Assembly were to amend the statute to make underinsured motorist coverage excess to other available insurance coverage, or if the statute were to be interpreted in that fashion by another court, I would not understand the result to be the unjust enrichment of a tort victim, so long as the victim's recovery, from all sources, does not exceed the victim's damages; the victim is being made whole, at most. The legislative policy inherent in R.C. 3937.18 involves the proper allocation of loss among tort victims, primary insurance carriers, and underinsured motorist insurance carriers. In my view, the argument for limiting the scope of underinsured motorist coverage as we understand R.C. 3937.18 to do, is that that is more consistent with the needs and expectations of the underinsured motorist insurance carrier and the person purchasing that coverage, not that the failure to so limit the coverage would unjustly enrich tort victims, who are, after all, at most only being made whole.
 {¶ 24} With the exception of the one, quoted sentence at page six of the opinion of this court, which is not essential to the outcome, I am in complete agreement with the opinion.